511 S.E.2d 688

**Gary Russell FARRIS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24891.

Supreme Court of South Carolina.

Submitted Jan. 21, 1999.

Decided Jan. 25, 1999.

Rehearing Denied Feb. 19, 1999.

Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, of Columbia, for respondent.

MOORE, Justice:

Petitioner brought this action for post-conviction relief (PCR) alleging his participation in an extended work release program was unlawfully terminated. We granted a writ of certiorari to review the denial of relief and now affirm.

## FACTS

In 1989, petitioner pled guilty to second degree burglary and assault and battery with intent to kill. He was sentenced

to consecutive terms of twenty and fifteen years respectively. No direct appeal was taken. In 1994, petitioner was admitted to a work release program pursuant to S.C.Code Ann. § 24-13-610 (1989). In 1996, this statute was repealed by 1996 S.C. Act No. 441 and petitioner's participation in work release was terminated.

## ISSUE

Is petitioner's termination from a work release program for which he was eligible when sentenced an ex post facto violation?

## DISCUSSION

■ To fall within the ex post facto prohibition, a law must be retrospective and must disadvantage the offender by altering the definition of criminal conduct or increasing the punishment for the crime. *Lynce v. Mathis,* 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); *State v. Matthews,* 296 S.C. 379, 373 S.E.2d 587 (1988). The question here is whether retrospective application of the Act repealing the work release statute increased petitioner's punishment.

In *California Dept. of Corrections v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), the United States Supreme Court found no ex post facto violation where the challenged law produced no significant risk of increasing the actual term of confinement. Other federal courts have followed *Morales* and found no ex post facto violation in the revocation of work release because there is no increase in the actual term of confinement. *Lee v. Governor of State of New York,* 87 F.3d 55 (2d Cir.1996); *Dominique v. Weld,* 73 F.3d 1156 (1st Cir.1996). We adopt this analysis and find no ex post facto violation in this case.[1] Accordingly, the denial of PCR is

**AFFIRMED.**

---

1. Unlike parole or supervised furlough, work release does not affect the length of an offender's prison term. *See Plyler v. Moore,* 129 F.3d 728 (4th Cir.1997) (finding ex post facto violation in retrospective change in supervised furlough as increase in length of incarceration): *Elmore v. State,* 305 S.C. 456, 409 S.E.2d 397 (1991) (retrospective reduction in work benefits affecting parole eligibility is ex post facto violation).

FINNEY, C.J., TOAL and WALLER, JJ., concur.

BURNETT, J., not participating.