656 S.E.2d 399

Isiah JAMES, Jr., Appellant,

v.

**SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES (SCDPPPS),** Respondent.

**No. 4329.**

Court of Appeals of South Carolina.

Submitted Nov. 1, 2007.
Decided Jan. 10, 2008.

Isiah James, Jr., pro se Appellant.

Daniel R. Settana, Jr. and J. Eric Kaufmann, both of Columbia, for Respondent.

KITTREDGE, J.

Isiah James, Jr., brought this action against the South Carolina Department of Probation, Parole and Pardon Services (the Department) alleging he was improperly denied parole and that the Department's decision to allow him a parole review every two years rather than each year constituted an ex post facto violation. The circuit court granted summary judgment to the Department, finding James had stated no viable claim for relief and that the Department's review procedure did not constitute an ex post facto violation. James appeals. We affirm.[1]

## I.

James was convicted in 1979 of two counts of voluntary manslaughter and one count of armed robbery. The offenses were committed in 1978. He received consecutive sentences of thirty years in prison for each manslaughter charge and a consecutive sentence of twenty-five years for the robbery charge. James brought this current action against the Department alleging he was improperly denied parole after a hearing in 2005. The Department moved for summary judgment, asserting, among other things, that James presented no claim for relief.

The circuit court found no merit to James's claim regarding the Department's decision not to grant him parole and affirmed the Department's decision that James was not entitled to a parole hearing every year rather than every two years. In granting summary judgment to the Department, the court found James failed to state a cause of action and had not established the Department committed an ex post facto violation in its decision to conduct parole hearings every two years. In addition, the court found James's claims were barred by the doctrine of res judicata and several provisions of the South Carolina Tort Claims Act. James appeals, arguing the circuit court erred in granting summary judgment to the Department.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## II.

Under the South Carolina Rules of Civil Procedure, the trial court may determine summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party." *Summer v. Carpenter*, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).

## III.

On appeal, James asserts the circuit court erred in granting summary judgment to the Department on the grounds that he did not have an absolute right to parole and he had shown no ex post facto violation.[2] We disagree.

The circuit court determined James failed to state a cause of action for relief because inmates have no protected right to parole, only the right to a parole hearing, citing *Furtick v. South Carolina Department of Probation, Parole, and Pardon Services*, 352 S.C. 594, 576 S.E.2d 146 (2003). The circuit court stated a claim regarding the failure to grant parole, as opposed to a claim that an inmate has been declared permanently *ineligible* for parole, is not reviewable. The court additionally found that, even if this were a situation involving a determination that James was permanently ineligible for parole, the proper procedure under *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000) would have been to submit this action to the Administrative Law Court (ALC), not the circuit court. We agree.

In *Furtick*, our supreme court held the ALC [3] had jurisdiction to hear a defendant's appeal from the Department's

---

2. James also challenges the circuit court's rulings regarding the application of the doctrine of res judicata and the South Carolina Tort Claims Act.

3. The name was changed from the Administrative Law Judge Division to the Administrative Law Court by Act No. 202, effective April 26,

decision finding him ineligible for parole. 352 S.C. at 597–98, 576 S.E.2d at 148–49. The court concluded that an inmate has a liberty interest in gaining *access* to the parole board, although there is no protected right to parole. The court explained, "In our opinion, the *permanent* denial of parole *eligibility* implicates a liberty interest sufficient to require at least minimal due process." *Id.* at 598, 576 S.E.2d at 149. The court observed section 24–21–620 of the South Carolina Code [1] generally provides for review for parole, but noted as follows: "Although this provision creates a liberty interest in parole eligibility, it does not create a liberty interest in parole." *Id.* at 598 n. 4, 576 S.E.2d at 149 n. 4; *see also Sullivan v. South Carolina Dep't of Corrections*, 355 S.C. 437, 443 n. 4, 586 S.E.2d 124, 127 n. 4 (2003) (noting parole is a privilege, not a right).

In *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000), an inmate brought a post-conviction relief action contesting a decision by the Department of Corrections to take away his good-time credits. *Id.* at 361, 527 S.E.2d at 745. Our supreme court held that the proper procedure an inmate should follow is to seek review of the agency's decision by the ALC, following the terms of the Administrative Procedures Act (APA).[5] *Id.* at 369, 527 S.E.2d at 750. Further, in *Sullivan*, the court stated that an inmate has a right of review by the ALC that he is ineligible for parole. 355 S.C. 437, 443 & n. 4, 586 S.E.2d 124, 127 & n. 4.

Thus, we hold the circuit court correctly found James did not present a viable claim regarding the Department's decision to deny him parole as the denial of parole is not a

2004. *See Civil Action No.: 2001–CP–32–0711 Carolina Water Serv., Inc. v. Lexington County Joint Mun. Water & Sewer Comm'n*, 367 S.C. 141, 625 S.E.2d 227 (Ct.App.2006), *overruled on other grounds by Edwards v. SunCom*, 369 S.C. 91, 631 S.E.2d 529 (2006) *and rev'd on other grounds by Carolina Water Serv., Inc. v. Lexington County Joint Mun. Water & Sewer Comm'n*, 373 S.C. 96, 644 S.E.2d 681 (2007).

4. *See* S.C.Code Ann. § 24 21- 620 (2007) (providing for parole review every twelve months for nonviolent offenders).

5. The APA is found at S.C.Code Ann. §§ 1–23–10 to –660 (2005 & Supp.2006).

cognizable claim. In addition, James should have followed the procedures outlined in *Al–Shabazz* for review of his claims.

■ Likewise, we similarly reject James's contention that the circuit court erred in finding he failed to establish the Department committed an ex post facto violation by denying him annual parole reviews.

In *Steele v. Benjamin,* 362 S.C. 66, 606 S.E.2d 499 (Ct.App. 2004), an action involving a request for a writ of mandamus, we held, as an additional sustaining ground to support the circuit court's dismissal of Steele's claim, that an administrative law judge should have reviewed Steele's claim. We stated, "Steele's complaint that the Department's application of biannual parole review to him constituted an ex post facto violation, potentially lengthening the period of his incarceration by one year, implicated a liberty interest." *Id.* at 73, 606 S.E.2d at 503. We observed that the ALC has jurisdiction to review matters that implicate a liberty interest, and that a non-collateral matter such as an ex post facto claim should be subject to administrative review under the terms of the APA. *Id.* at 72, 606 S.E.2d at 502–03. Accordingly, we hold James's ex post facto claim should have been brought before the ALC.

■ We further agree with the circuit court that James did not establish an ex post facto violation, in any event. "An ex post facto violation occurs when a change in the law retroactively alters the definition of a crime or increases the punishment for a crime." *Jernigan v. State,* 340 S.C. 256, 261, 531 S.E.2d 507, 509 (2000). In *Jernigan,* our supreme court held that the retroactive application of a state statute (section 24–21–645 of the South Carolina Code) changing reviews for parole eligibility for violent offenders from annual to biannual constitutes an ex post facto violation. *Id.* at 264–66, 531 S.E.2d at 511–12. The court noted, "The law existing at the time of the offense determines whether an increase of punishment constitutes an ex post facto violation." *Id.* at 261 n. 3, 531 S.E.2d at 509 n. 3.

In finding there was no ex post facto violation, the circuit court rejected James's contention that the Department was retroactively applying section 24–21–645 of the South Carolina

Code[6] to allow him parole reviews only every two years instead of each year. The circuit court noted section 24–21–645, which changed parole hearings for violent offenders from annual to biannual reviews, was enacted in 1986. The court stated that at the time James's crimes were committed in 1978, there was no statute governing the frequency of parole hearings. Rather, the frequency of parole hearings was a matter determined by the Department's own policy. At the time of James's crimes, the Department's policy called for reviews every two years for prisoners serving sentences of thirty years of more. The court noted it was not until 1981, several years after James's crimes, that another statute, section 24–21–620, was amended to provide for annual parole reviews. This provision is now limited to nonviolent offenders.

We agree with the circuit court that, because James remains subject to biannual parole reviews, as was the law in 1978, there is no ex post facto violation in this case. The Department is simply applying the law in effect at the time James committed his crimes, not retroactively applying section 24–21–645. *See Elmore v. State,* 305 S.C. 456, 409 S.E.2d 397 (1991) (stating the law existing at the time of the offense, not at the time of sentencing, determines whether an ex post facto violation has occurred), *overruled on other grounds by Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000).

## IV.

We hold summary judgment in favor of the Department is appropriate because James has not presented a cognizable claim for relief and he has not shown the Department committed an ex post facto violation by providing him a parole hearing every two years rather than each year. In addition, James failed to follow the proper review procedures set forth in *Al–Shabazz.*[7]

**AFFIRMED.**

---

6. S.C.Code Ann. § 24–21–645 (2007) ("[U]pon a negative determination of parole, prisoners in confinement for a violent crime as defined in Section 16–1–60 must have their cases reviewed every two years for the purpose of a determination of parole....").

7. Based on our ruling affirming summary judgment in favor of the Department on these grounds, we need not address James's remaining

HEARN, C.J., and THOMAS, J., concur.

issues. *See, e.g., Wilson v. Moseley*, 327 S.C. 144, 147, 488 S.E.2d 862, 864 (1997) (holding where an appellate court affirms the circuit court's grant of summary judgment on a dispositive ground, the appellate court need not address the remaining grounds); *Fuller–Ahrens P'ship v. South Carolina Dep't of Highways and Pub. Transp.*, 311 S.C. 177, 182, 427 S.E.2d 920, 923 (Ct.App.1993) (declining to discuss the circuit court's grant of summary judgment on additional grounds, including res judicata, where summary judgment was being affirmed for other reasons and on different grounds).