THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael Todd, Appellant,
 v.
 South Carolina Department
 of Probation, Parole and Pardon Services, Respondent.
 
 
 

Appeal From Administrative Law Court
Marvin F. Kittrell, Administrative Law
 Court Judge
Unpublished Opinion No. 2009-UP-596
Submitted December 1, 2009  Filed December
 15, 2009
Withdrawn, Substituted and Refiled
 February 22, 2010
Affirmed

 
 
 
 Michael Todd, pro se, for Appellant.
 J. Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM: Michael Todd appeals the Administrative Law Court's
 (ALC) decision affirming the South Carolina Department of Probation, Parole and
 Pardon Services' determination that he is eligible for parole reconsideration
 every two years.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities:
1. As to whether Todd's right to due process was violated: Elam v. S.C. Dep't of Transp., 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004)
 (finding if an issue is raised but not ruled upon, the party who raised the
 issue must file a Rule 59(e), SCRCP, motion to preserve the issue for appellate
 review); Home Medical Sys., Inc. v. S.C. Dep't of Revenue, 382 S.C. 556,
 563, 677 S.E.2d 582, 586 (2009) (holding "Rule 59(e), SCRCP, motions
 are permitted in ALC proceedings").
2. As to whether Todd was denied proper discovery: Elam, 361 S.C. at 24, 602 S.E.2d at
 780 (finding if an issue is raised but not ruled upon, the party who
 raised the issue must file a Rule 59(e) motion to preserve the issue for
 appellate review).
3.
 As to whether the ALC erred in finding there was no ex post facto violation: James
 v. S.C. Dep't of Prob., Parole & Pardon Servs., 376 S.C. 392, 398, 656
 S.E.2d 399, 403 (Ct. App. 2008) (finding "because [appellant]
 remain[ed] subject to biannual parole reviews, as was the law in 1978, there is
 no ex post facto violation in this case").
Affirmed.
SHORT, THOMAS,
 and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.