**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Phillip Brown, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2011-203266

———————————

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Judge

———————————

Unpublished Opinion No. 2013-UP-233
Submitted April 1, 2013 – Filed June 5, 2013

———————————

**AFFIRMED**

———————————

Phillip Brown, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency,

the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *James v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 376 S.C. 392, 396, 656 S.E.2d 399, 401 (Ct. App. 2008) ("[A]n inmate has a liberty interest in gaining *access* to the parole board, although there is no protected right to parole."); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 9 (1979) ("There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires."); *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981) (holding no liberty interest or due process protections were implicated when an inmate was initially granted parole but the order was rescinded at a later meeting without providing the inmate a hearing); *id.* at 17 ("We do not doubt that respondent suffered 'grievous loss' upon [the board's] rescission of his parole."); *id.* ("But we have previously 'reject[ed] . . . the notion that *any* grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause.'" (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976))); *id.* at 19 ("We would severely restrict the necessary flexibility of . . . parole authorities were we to hold that any one of their myriad decisions with respect to individual inmates may . . . give rise to protected 'liberty' interests which could not thereafter be impaired without a constitutionally mandated hearing under the Due Process Clause.").

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.