**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Calvin Smith, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2019-002065

-----

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

-----

Unpublished Opinion No. 2022-UP-190
Submitted March 1, 2022 – Filed May 11, 2022

-----

**AFFIRMED**

-----

Calvin Smith, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

-----

**PER CURIAM:** Calvin Smith, pro se, appeals an Administrative Law Court (ALC) order affirming a South Carolina Department of Probation, Parole and Pardon Services' (the Department's) decision to deny his parole. Smith argues the ALC erred in dismissing his appeal because (1) the Department's parole procedure

violated Smith's parole eligibility status, (2) the Department considered an impermissible factor when denying parole, and (3) the Department destroyed parole hearing records, making it difficult to determine he was wrongfully denied parole.  We affirm.

1. We hold substantial evidence supports the ALC's finding that Smith did not suffer an ex post facto violation because the Department applied the law in effect at the time Smith committed his crimes.  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2021) ("The review of the [ALC's] order must be confined to the record.  The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Jernigan v. State*, 340 S.C. 256, 260 n.3, 531 S.E.2d 507, 509 n.3 (2000) ("The law existing *at the time of the offense* determines whether an increase of punishment constitutes an ex post facto violation." (emphasis added)); *see*, *e.g.*, *James v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 376 S.C. 392, 398, 656 S.E.2d 399, 403 (Ct. App. 2008) ("[B]ecause [the parole applicant] remains subject to biannual parole reviews, as was the law in 1978, there is no ex post facto violation in this case.  The Department is simply applying the law in effect at the time [the parole applicant] committed his crimes, not retroactively applying section 24-21-645 [of the South Carolina Code (2007)].").

2. We hold substantial evidence supports the ALC's finding that the Department followed the requisite procedures and considered the appropriate factors before making its determination regarding Smith's parole.  *See Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 111 (2008) ("[T]he [p]arole [b]oard is the sole authority with respect to decisions regarding the grant or denial of parole."); *id.* at 500, 661 S.E. 2d at 112 (holding the parole board's decision would "constitute a routine denial of parole and the ALC would have limited authority to review the decision" if the parole board "states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Code (2007)] and the fifteen factors published in its parole form").

3. We hold Smith's argument regarding the destruction of parole hearing records is not preserved for appellate review because he failed to raise it to the ALC. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC].").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.