STATE *EX REL.* BUFFINGTON, *IN RE EX PARTE* GREGORY.

Probate Court—Lunatic—Appeal.—A party to a proceeding in the probate court to adjudge him a lunatic, not served with process, has right of appeal to Circuit Court from any judgment entered therein against him.

Before Aldrich, J., Saluda, December, 1899. Affirmed.

Proceeding in probate court for Saluda County by A. J. Gregory to adjudge a lunatic, Henrietta Buffington. From Circuit order refusing writ of certiorari, petitioner appeals.

*Messrs. N. G. Evans* and *E. W. Able,* for appellant, cite: 17 S. C., 313; Con. 1895, art. V., secs. 15, 19; 10 S. C., 82.

*Messrs. C. J. Ramage, E. S. Blease,* and *J. N. O. Gregory,* contra.

July 3, 1900. The opinion of the Court was delivered by

Mr. Justice Pope. Henrietta Buffington, without any notice to her, was adjudged by the probate court of Saluda County, in this State, to be a person of unsound mind, and one A. J. Gregory was appointed by such probate court to be the committee of her person and estate. From this judgment of the probate court the said Henrietta Buffington, through her attorney, E. W. Able, Esq., has within the time prescribed by the statute served notice of appeal, and such appeal is now pending. However, after the notice of appeal above referred to, the said Henrietta Buffington, through her said attorney, E. W. Able, Esq., applied to Judge James Aldrich, while presiding over the Court of Common Pleas for said Saluda County, for a writ of certiorari to be directed to the judge of probate for Saluda County, requiring him to have the records of his court relating to the matter of Henrietta Buffington, as a person of supposed unsound mind, before Judge Aldrich. Due return was made by said probate judge, whereupon Judge Aldrich dismissed the petition for writ of certiorari, and refused to issue said writ upon the ground that the petitioner has ample remedy by appeal, and that said appeal is her proper remedy. She now appeals, and by her appeal, or the grounds thereof, raises the following questions: "1st. That the Circuit Judge erred in holding that Henrietta Buffington had the right of appeal from the proceedings in the probate court; and 2d. That the Circuit Judge erred in holding that an appeal was the proper remedy, and not writ of certiorari."

The appellant concedes that practically but one question is before us, namely, whether there is a right of appeal from the probate court in such a proceeding as that testing the soundness of mind of a party, who is alleged to be of unsound mind, when such person so charged is served with no notice of such proceedings. We may remark, that since the recent case of *State ex rel. Martin* v. *Moore,* 54 S. C., 556, it is not an open question in this State, that when a right of appeal is provided from an inferior jurisdiction,

writ of certiorari will not be allowed also, except possibly in very exceptional cases. Let us see if there is a right of appeal from the probate court to the Court of Common Pleas. Our Constitution of 1895, sec. 15, art. V., provides * * * "They (Courts of Common Pleas) shall have appellate jurisdiction in all cases within the jurisdiction of inferior courts, except from such inferior courts from which the General Assembly shall provide an appeal directly to the Supreme Court." It is admitted that there has been no legislation in this State by which appeals may be taken from the orders, judgments, decrees or other proceedings of a court of probate directly to the Supreme Court of this State. Such being the case, the Courts of Common Pleas have appellate jurisdiction in all cases within the jurisdiction of probate courts. Our next inquiry is, have probate courts jurisdiction of matters relating to persons *non compos mentis?* Sec. 19, of art. V., of our Constitution of 1895, provides: "The court of probate shall remain as now established in the county of Charleston. In all other counties of the State, the jurisdiction in all matters testamentary, and of administration in business appertaining to minors and allotment of dower, in cases of idiocy and lunacy and persons *non compos mentis,* shall be vested as the General Assembly may provide; and until such provision, such jurisdiction shall remain in the court of probate as now established." It is admitted that there has been no provision by the General Assembly of this State vesting jurisdiction in the cases enumerated in this section of the Constitution in any other court than the probate. Both under the Constitution of 1868 and the laws pursuant thereto, courts of probate were entrusted with jurisdiction "* * * in cases of idiocy and lunacy and persons *non compos mentis."* See Constitution of 1868, art. IV., sec. 20; act of General Assembly, vol. XIV., 432, sec. 38; also, Revised Statutes, vol. 2, sec. 37. To show that Henrietta Buffington, though not served with process in the proceedings affecting her in the probate court, and not made a party to such proceeding, has the right of

appeal preserved to her therefrom, we have but to cite sec. 57 of the Code of Procedure of this State, which supplies the machinery to carry into effect the "appellate jurisdiction in all cases within the jurisdiction of inferior courts," confided to Courts of Common Pleas in this State by art. V., sec. 15, of our Constitution of 1895.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed