661 S.E.2d 106

**Kamathene COOPER, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES, Appellant.**

No. 26480.

Supreme Court of South Carolina.

Heard Jan. 8, 2008.

Decided May 5, 2008.

490

Teresa Knox, J. Benjamin Aplin and Tommy Evans, Jr., all of S.C. Department of Probation, Parole & Pardon Services, of Columbia, for Appellant.

Arthur C. McFarland, of Charleston, for Respondent.

Justice BEATTY:

In this case, the South Carolina Department of Probation, Parole, and Pardon Services (the Department) appeals the circuit court's reversal of the Administrative Law Court's (ALC) order. In its order, the ALC dismissed Kamathene Cooper's appeal from the denial of his request for parole on the ground that it lacked subject matter jurisdiction to review the appeal. We granted the Court of Appeals' motion for the appeal to be certified directly to this Court. We affirm as modified.

## FACTUAL/PROCEDURAL HISTORY

On November 30, 1984, Cooper stabbed Rheupart Stewart with a knife and then beat him with a chair. Stewart died as a result of his injuries. Before leaving Stewart's residence, Cooper took Stewart's checkbook. That same day, Cooper forged Stewart's signature on one of the checks and used it to make a purchase at a local department store.

As a result of this incident, Cooper was arrested and a Florence County grand jury indicted him for murder, armed robbery, and forgery. Subsequently, a jury convicted Cooper of murder and forgery, but acquitted him of armed robbery. Cooper was sentenced to death. This Court reversed Cooper's conviction and remanded for a new trial. *State v. Cooper*, 291 S.C. 332, 353 S.E.2d 441 (1986), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). Following this reversal, Cooper was convicted of murder and sentenced to incarceration for the remainder of his natural life and a consecutive seven-year term for forgery.

At the time of his conviction, South Carolina law permitted an inmate who was serving a life sentence to appear before the Parole Board upon the service of twenty years. S.C.Code Ann. § 16–3–20(A) (1985). On May 23, 2000, Cooper made his initial appearance before the Parole Board. On five more occasions, Cooper appeared before the Parole Board. Each time, the Parole Board rejected Cooper's request. On the last occasion, the Parole Board rejected Cooper's parole for the following reasons: (1) the nature and seriousness of the current offense; (2) an indication of violence in this or a

previous offense; and (3) the use of a deadly weapon in this or a previous offense.

Following the rejection of his parole and the denial of his motion for reconsideration, Cooper filed an appeal with the Administrative Law Court (ALC). In his appeal, Cooper "challenged the denial of parole by [the Parole Board] and asserted that the [Board] denied him a realistic opportunity to participate in the South Carolina Parole program and that such action by [the Board] was arbitrary, capricious, and in violation of the United States Constitution Article 14 Section I and South Carolina Constitution Article XII Section 2 and State statutes."

Chief Administrative Law Judge Marvin F. Kittrell, dismissed Cooper's appeal on the ground the ALC did not have jurisdiction to review an appeal from the denial of parole. Judge Kittrell found that Cooper's appeal did "not involve a determination by the Department that he is permanently ineligible for parole. Instead, Appellant is challenging the Board's decision not to grant him parole at his regularly scheduled parole hearing." In reaching this conclusion, Judge Kittrell primarily relied on this Court's decisions in *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000), *Furtick v. S.C. Department of Probation, Parole and Pardon Services*, 352 S.C. 594, 576 S.E.2d 146 (2003), and *Sullivan v. S.C. Department of Corrections*, 355 S.C. 437, 586 S.E.2d 124 (2003).

Cooper appealed Judge Kittrell's order to the circuit court. The parties appeared before Circuit Court Judge James C. Williams, Jr. Judge Williams issued an order in which he reversed Judge Kittrell's order and remanded the matter to the ALC to take testimony and render a decision. In reaching this decision, Judge Williams found the ALC had jurisdiction to review the Parole Board's final decision denying Cooper's parole because the Parole Board: (1) failed to apply the criteria for parole as required by the state parole statutes, specifically section 24–21–640, in violation of Cooper's liberty interest; (2) willfully denied Cooper the realistic opportunity to participate in the parole program in violation of his constitutional rights; and (3) violated the ex post facto clause of the South Carolina Constitution in denying Cooper the realistic

opportunity to participate in the South Carolina parole program. Judge Williams denied the Department's motion for reconsideration. Subsequently, the Department appealed Judge Williams' order to the Court of Appeals. This Court granted the Court of Appeals' motion to certify the appeal.

## DISCUSSION

### I.

The Department asserts the ALC properly dismissed Cooper's administrative appeal for lack of jurisdiction. Specifically, the Department contends the denial of Cooper's request for parole did not constitute a protected liberty interest which required judicial review. Because the Parole Board's decision did not render Cooper ineligible for parole, the Department claims the ALC was without jurisdiction to review the appeal.[1]

In contrast, Cooper argues that he is not challenging the denial of parole, but rather, the procedure employed by the Parole Board in denying his request. He believes the Parole Board effectively rendered him ineligible for parole when it issued its decision based on three "immutable" or fixed criteria. Because the Parole Board did not consider all relevant factors [2] in making its decision, Cooper contends the Parole

---

1. Because a decision on the jurisdictional question encompasses the first two issues raised by the Department, we have consolidated the analysis on these two issues in the interest of clarity and brevity.

2. Cooper references a form given to an inmate by the Department which outlines the relevant criteria for parole consideration. This form lists the following non-inclusive criteria:
    1. The risk the inmate poses to the community;
    2. The nature and seriousness of the inmate's offense, the circumstances surrounding the offense, and the inmate's attitude toward it;
    3. The inmate's prior criminal records and his/her adjustment under any previous programs or supervision;
    4. The inmate's attitude toward his/her family, the victim, and authority in general;
    5. The inmate's adjustment while in confinement, including his/her progress in counseling, therapy, and other similar programs designed to encourage the inmate to improve himself/herself;
    6. The inmate's employment history, including his/her job training and skills and his/her stability in the work place;
    7. The inmate's physical, mental and emotional health;

Board acted arbitrarily and capriciously and deprived him of a state-created liberty interest under section 24–21–640 of the South Carolina Code, which outlines criteria to be considered by the Parole Board.[3]

Given that neither party disputes the applicable law, this case essentially involves a determination of whether the Parole Board's decision amounted to a routine denial of parole or effectively rendered Cooper parole ineligible. If the former, then the ALC was without jurisdiction to review Cooper's appeal. Conversely, if Cooper was rendered ineligible for

---

8. The inmate's understanding of the cause of his/her past criminal conduct;

9. The inmate's efforts to solve his/her problems, such as seeking treatment for substance abuse, enrolling in academic and vocational educational courses, and in general using whatever resources the Department of Corrections has made available to inmates to help with their problems;

10. The adequacy of the inmate's overall parole plan. This includes inmates living arrangements, where he/she will live and who he will live with; the character of those with whom the inmate plans to associate in both his/her working hours and his/her off-work hours; the inmate's plans for gainful employment;

11. The willingness of the community into which the inmate will be released to receive the inmate;

12. The willingness of the inmate's family to allow him/her to return to the family circle;

13. The attitudes of the sentencing judge, the solicitor, and local law enforcement officers respecting the inmate's parole;

14. The feelings of the victim's family, and any witnesses to the crime about the release of the inmate;

15. Other factors considered relevant in a particular case by the Board.

3. Section 24–21–640 provides in relevant part:

The board must carefully consider the record of the prisoner before, during and after imprisonment, and no such prisoner may be paroled until it appears to the satisfaction of the board: that the prisoner has shown a disposition to reform; that, in the future he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors of his imprisonment; that the interest of society will not be impaired thereby; and, that suitable employment has been secured for him. The board must establish written, specific criteria for the granting of parole and provisional parole. This criteria must reflect all of the aspects of this section and include a review of a prisoner's disciplinary and other records. The criteria must be made available to all prisoners at the time of their incarceration and the general public.
S.C.Code Ann. § 24–21–640 (2007).

parole due to the procedure employed by the Parole Board, then he was deprived of a state-created liberty interest which triggered the due process requirements of judicial review.

■ Parole is a privilege, not a right. *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 443 n. 4, 586 S.E.2d 124, 127 n. 4 (2003), *cert. denied*, 540 U.S. 1153, 124 S.Ct. 1155, 157 L.Ed.2d 1050 (2004). A court's final judgment in a criminal case is the pronouncement of the sentence. The parole board, however, has the sole authority to determine parole eligibility separate and apart from the court's authority to sentence a defendant. *State v. McKay*, 300 S.C. 113, 115, 386 S.E.2d 623, 623–24 (1989).

■■ This Court has the authority to interpret the parole statute. In interpreting statutes, we look to the plain meaning of the statute and the intent of the Legislature. *Hinton v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 357 S.C. 327, 332, 592 S.E.2d 335, 338 (Ct.App.2004). Because the statute is penal in nature, the Court must construe it strictly in favor of the defendant and against the State. *See Hair v. State*, 305 S.C. 77, 79, 406 S.E.2d 332, 334 (1991) (construing in favor of the defendant the different time frames for parole eligibility found in the general parole statute and in a statute regarding parole eligibility for burglary).

In the key case involving the jurisdiction of the ALC regarding review of inmate matters, this Court in *Al–Shabazz v. State* held:

an inmate may seek review of [the] Department's final decision in an administrative matter under the APA. Placing review of these cases within the ambit of the APA will ensure that an inmate receives due process, which consists of notice, a hearing, and judicial review.

*Al–Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000). The Court emphasized that its decision was not without limitation. Significantly, the Court noted that the requirements of procedural due process would be applicable when an inmate was deprived of a protected liberty interest under the Fourteenth Amendment in order to ensure that a "state-created right was not arbitrarily abrogated." *Id.* at 370, 527 S.E.2d at 750 (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

In cases post-dating *Al–Shabazz,* this Court has discussed in specific terms the subject matter jurisdiction of the ALJD, stating "the ALJD has subject matter jurisdiction to hear appeals from the final decision of [the Department] in a noncollateral or administrative matter. Subject matter jurisdiction refers to the ALJD's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" *Slezak v. S.C. Dep't of Corr.,* 361 S.C. 327, 331, 605 S.E.2d 506, 507 (2004), *cert. denied,* 544 U.S. 1033, 125 S.Ct. 2266, 161 L.Ed.2d 1060 (2005) (quoting *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 238, 442 S.E.2d 598, 600 (1994)). Further, "the ALC has subject matter jurisdiction over an inmate's appeal when the claim sufficiently 'implicates a state-created liberty interest.'" *Furtick v. S.C. Dep't of Corr.,* 374 S.C. 334, 339, 649 S.E.2d 35, 38 (2007) (quoting *Sullivan v. S.C. Dep't of Corr.,* 355 S.C. 437, 443, 586 S.E.2d 124, 127 (2003), *cert. denied,* 540 U.S. 1153, 124 S.Ct. 1155, 157 L.Ed.2d 1050 (2004)).

In terms of the ALC's jurisdiction to review parole decisions, this Court has analyzed the appealability ramifications of a decision by the Parole Board denying parole versus a determination that an inmate is not parole eligible. *Furtick v. S.C. Dep't of Prob., Parole & Pardon Servs.,* 352 S.C. 594, 576 S.E.2d 146 (2003), *cert. denied,* 539 U.S. 932, 123 S.Ct. 2584, 156 L.Ed.2d 612 (2003). In *Furtick,* this Court extended the *Al–Shabazz* holding by finding "the *permanent* denial of parole *eligibility* implicates a liberty interest sufficient to require at least minimal due process," and, thus, review by the ALC. *Furtick,* 352 S.C. at 598, 576 S.E.2d at 149. "In reaching this conclusion, the Court emphasized the finality of the Department's decision, and distinguished the *final* determination of parole eligibility from the *temporary* granting or denial of parole to an eligible inmate." *Sullivan,* 355 S.C. at 443, 586 S.E.2d at 127. This Court has further elaborated on the holding in *Furtick,* stating:

> In simple terms, this means that an inmate has a right of review by the ALJD after a *final* decision that he is *ineligible* for parole, but that a parole-eligible inmate does not have the same right of review after a decision denying parole; the parole board is, however, required to review an inmate's case every twelve months after a negative parole

determination. S.C.Code Ann. § 24–21–620 (Supp.2002). This distinction stems from the fact that parole is a privilege, not a right.

*Sullivan,* 355 S.C. at 443 n. 4, 586 S.E.2d at 124 n. 4; *see Steele v. Benjamin,* 362 S.C. 66, 72, 606 S.E.2d 499, 502 (Ct.App.2004) ("*Furtick* established that an inmate has a right to a ALJD review of an agency's final decision denying parole eligibility, but an inmate does not have a right to a review of a denial of parole. The distinction is that the review or consideration for parole is a right granted by statute whereas parole is only a privilege."). However, our Court of Appeals has noted that "[t]he use of the word *permanent* in *Sullivan* and *Furtick* does not mean that there must be a permanent denial of parole eligibility before a sufficient liberty interest is involved. It is merely one of the ways that a sufficient liberty interest may be involved." *Steele,* 362 S.C. at 72, 606 S.E.2d at 502.

As a threshold matter, we find the fact that the Parole Board did not permanently deny Cooper parole is not dispositive and the ALC erred in summarily dismissing the appeal on this basis. To make a decision based solely on the outcome of the Parole Board's decision would be an oversimplification and merely involves a matter of semantics. As noted in *Steele,* a sufficient liberty interest may be implicated to trigger due process requirements even though the Parole Board's decision did not constitute a permanent denial of parole eligibility. *See Steele,* 362 S.C. at 72–73, 606 S.E.2d at 503 (holding inmate's complaint that the Department's application of biannual parole review to him constituted an ex post facto violation implicated a protected liberty interest which warranted judicial review under the APA); *Id.* at 71, 606 S.E.2d at 502 (stating "*Sullivan* seems to imply that a quantitative analysis of the liberty interest must be conducted" when determining whether the ALJD has subject matter jurisdiction over non-collateral matters).

Here, Cooper clearly was not permanently denied parole eligibility.[4] Moreover, Cooper is not appealing the denial of parole. Instead, he is challenging through his appeal

---

4. During the course of this appeal, Cooper may have received another review by the Parole Board in June 2006 and June 2007.

the Parole Board's failure to utilize the procedure promulgated by the Legislature in section 24–21–640 of the South Carolina Code and the criteria established by the Parole Board pursuant to this statute. Thus, the question becomes whether Cooper's claim raises a sufficient state-created liberty interest to trigger due process requirements. If a Parole Board deviates from or renders its decision without consideration of the appropriate criteria, we believe it essentially abrogates an inmate's right to parole eligibility and, thus, infringes on a state-created liberty interest.

Undoubtedly, the Parole Board is the sole authority with respect to decisions regarding the grant or denial of parole. However, the Legislature created this Board to operate within certain parameters. We do not believe the Legislature established the Board and intended for it to render decisions without any means of accountability.

In the instant case, the Parole Board denied Cooper's parole apparently without giving credence to section 24–21–640 or its own criteria. The Parole Board rejected Cooper's parole for three limited reasons: (1) the nature and seriousness of the current offense; (2) an indication of violence in this or a previous offense; and (3) the use of a deadly weapon in this or a previous offense.[5] Each of these reasons, as Cooper points out, "are fixed as of the date of the offense and can never ... be changed by the actions of [Cooper] while incarcerated." Parole is a privilege and Cooper has no right to be paroled; however, Cooper does have a right to require the Board to adhere to statutory requirements in rendering a decision. We find the apparent failure by the Parole Board to consider the requisite statutory criteria in rendering its decision constitutes an infringement of a state-created liberty interest and, thus, warrants minimal due process procedures. Therefore, we hold, Cooper's appeal was appropriate for disposition under the APA and should have been reviewed by the ALC.

We recognize the Department's concern that a decision affirming the circuit court and remanding to the ALC will create an overabundance of appeals from denials of parole.

---

**5.** These reasons would be sufficient to deny parole in the Board's discretion, if the Board's decision evinced consideration of section 24–21–640 and its own criteria.

However, we believe this concern will be alleviated if the Parole Board issues orders that are sufficiently detailed for the ALC to conduct appellate review, limited to the Board's adherence to section 24–21–640, of decisions denying parole. Because the limited appeal of parole decisions is governed by the APA, the Parole Board and the ALC must comply with its provisions. Pursuant to the terms of the APA, a final decision in an agency adjudication of a contested case "shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." S.C.Code Ann. § 1–23–350 (2005).[6]

Here, the Parole Board apparently only considered the nature of Cooper's crime when it rejected his request based on three limited reasons. Because the Parole Board neither offered an explanation nor indicated that it had considered the statutory criteria of section 24–21–640 and the fifteen criteria listed on the parole form, the order was defective. Therefore, we, as did the circuit court, can only conclude that the Parole Board's decision was arbitrary and capricious.

We emphasize that in future parole review hearings the Parole Board may avoid the result in the instant case if it clearly states in its order denying parole that it considered the factors outlined in section 24–21–640 and the fifteen factors published in its parole form. If the Board complies with this procedure, the decision will constitute a routine denial of parole and the ALC would have limited authority to review the decision to determine whether the Board followed proper procedure. Under that scenario, the ALC can summarily dismiss the inmate's appeal.[7]

## II.

The Department asserts the Parole Board did not violate the Ex Post Facto clause in denying Cooper parole.

---

6. We are cognizant of the unique status accorded parole and our precedent of limited appellate review notwithstanding the APA.

7. Notably, Cooper acknowledged at oral argument that the parties would not be before this Court had the Parole Board stated in its order that the section 24–21–640 had been considered as well as the other conditions outlined on the parole form.

The Department contends the detailed factors on the parole form, used by the Parole Board, were based on the statutory criteria of section 24–21–640. In response, Cooper appears to challenge the authority of the Parole Board to create these detailed factors. Cooper contends that by creating these factors the Parole Board "effectively changed the standards for granting parole and retroactively applied it to [his] offenses which were committed before the establishment of these factors." In doing so, Cooper claims the Parole Board changed the law and, thus, violated the Ex Post Facto clause of the South Carolina Constitution.[8]

We agree with the Department's assertion for two reasons. First, Cooper acknowledges that section 24–21–640 has not been substantively amended since he was convicted. This section specifically authorizes the Board to establish written criteria for the granting of parole. Therefore, we find the Parole Board did not exceed its authority by creating the written criteria. Given the Parole Board was authorized to establish these criteria, we do not believe the Parole Board changed the law in violation of the Ex Post Facto clause. *See State v. Walls,* 348 S.C. 26, 30, 558 S.E.2d 524, 525 (2002) (recognizing that while both the United States and South Carolina Constitutions specifically prohibit ex post facto laws, two critical elements must be present for a law to fall within the prohibition: (1) the law must apply to events that occurred before its enactment; and (2) the offender of the law must be disadvantaged by the law); *see also Jernigan v. State,* 340 S.C. 256, 261, 531 S.E.2d 507, 509 (2000) (noting ex post facto violation occurs when a change in the law retroactively alters definition of crime or increases punishment for crime). Secondly, it is disingenuous for Cooper to contend the Parole Board exceeded its authority in adopting these written criteria when his primary complaint is that the Parole Board failed to consider any other factors than the three reasons given for the denial of his parole.

Although we disagree with the circuit court's finding that the Parole Board violated the Ex Post Facto clause, we agree

8. The Constitutions of the United States and of South Carolina specifically prohibit the passage of ex post facto laws. U.S. Const. art. I, § 10; S.C. Const. art. I, § 4.

with the court's ultimate conclusion that the Board failed to apply the statutory criteria of section 24–21–640 in denying Cooper's petition for parole. Therefore, we modify the circuit court's order with respect to this issue.

## CONCLUSION

Based on the foregoing, we hold the ALC had jurisdiction to review Cooper's appeal. Because Cooper is not appealing the denial of parole, but rather, is challenging the method and procedure employed by the Parole Board in reaching its decision, Cooper's claim raises a sufficient liberty interest to trigger due process requirements of judicial review. If a Parole Board fails to consider and apply the statutorily-created parole criteria, it has the effect of rendering an inmate parole ineligible, which under *Furtick* warrants review by the ALC. In the instant case, the Parole Board apparently failed to consider the requisite factors and, instead, based its decision on certain fixed factors that are unaffected by any rehabilitation efforts on the part of Cooper. Accordingly, we affirm as modified the circuit court's order reversing the ALC and remand the matter to the ALC for disposition in accordance with this opinion.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.