685 S.E.2d 175

**James COMPTON, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES, Petitioner.**

No. 26730.

Supreme Court of South Carolina.

Submitted Sept. 15, 2009.

Decided Oct. 12, 2009.

Rehearing Denied Dec. 2, 2009.

Deputy Director for Legal Services, Teresa A. Knox, Assistant Chief Legal Counsel, J. Benjamin Aplin, Legal Counsel, Tommy Evans, Jr., of S.C. Department of Probation, Parole and Pardon Services, of Columbia, for Petitioner.

Kenneth Hanson, of Hanson Law Firm, P.A., of Columbia, and Scott Franklin Talley, of Scott F. Talley, P.A., of Spartanburg, for Respondent.

PER CURIAM.

 Petitioner has filed a petition for a writ of certiorari pursuant to Rule 242, SCACR, to review an order of the Court of Appeals dismissing its appeal. We deny the petition for a writ of certiorari to the Court of Appeals because we find the Court of Appeals correctly determined the order of the Administrative Law Court (ALC) in this matter is not directly appealable. See S.C.Code Ann. § 1–23–380 (Supp.2008) (a

preliminary, procedural, or intermediate action or ruling in an administrative proceeding is immediately reviewable only if review of the final agency decision would not provide an adequate remedy); *Leviner v. Sonoco Products, Co.*, 339 S.C. 492, 530 S.E.2d 127 (2000) (finding an order remanding a case for additional proceedings before an administrative agency is not directly appealable).

However, because our opinion in *Cooper v. S.C. Dep't of Prob., Parole and Pardon Servs.*, 377 S.C. 489, 661 S.E.2d 106 (2008), is being misinterpreted, we hereby issue a writ of certiorari pursuant to Rule 245, SCACR, and Article V, Section 5 of the South Carolina Constitution to review the decision of the ALC in this matter. *Ex parte Gregory*, 58 S.C. 114, 36 S.E. 433 (1900) (writ of certiorari will not be allowed where remedy by appeal is available unless exceptional circumstances exist).

■■■ Respondent appeared before the Parole Board on January 24, 2007, for a parole hearing. The Parole Board denied respondent parole. After the denial of respondent's request for rehearing, respondent appealed the Parole Board's decision to the ALC. The Parole Board filed a motion to dismiss the appeal. The ALC issued an order remanding the matter to the Parole Board for it to issue a decision in conformity with *Cooper*.

On remand, the Parole Board issued an "Amended Notice of Rejection" to respondent, which stated:

After considering all of the factors published within Department [Form] 1212 (criteria for parole consideration), as well as the factors outlined in [S.C.Code Ann. § 24–21–640 (2007) ], the Parole Board has decided to deny parole due to the following reason(s) listed below.

The Parole Board denied respondent parole due to: (1) the nature and seriousness of the current offense; (2) an indication of violence in this or a previous offense; and (3) the use of a deadly weapon in this or a previous offense.

Respondent filed a "Notice of Motion and Motion for Contempt and Ancillary Relief" with the ALC. The Parole Board filed a motion to dismiss, arguing the amended notice of rejection was in conformity with the ALC's remand order. The ALC denied respondent's motion for contempt and ancil-

lary relief, but remanded the matter to the Parole Board. Specifically, the ALC found the Parole Board had "partially complied" with the original remand order. The ALC found the Parole Board included appropriate language indicating it complied with its own factors and section 24–21–640, but failed to include any "findings of fact and conclusions of law, separately stated," as required by *Cooper*. Thereafter, the ALC ordered the Parole Board to issue an amended decision in conformity with *Cooper*.

In *Cooper*, we held that if the Parole Board deviates from or renders its decision without consideration of the appropriate criteria, it essentially abrogates an inmate's right to parole eligibility and infringes on a state-created liberty interest, warranting minimal due process protection. Because the Parole Board in *Cooper* neither offered an explanation nor indicated it had considered the statutory criteria or the criteria set forth in Form 1212, we had no other choice but to determine the order was defective and the decision was arbitrary and capricious. We emphasized that this result could be avoided in the future if the Parole Board clearly states in its order denying parole that it considered the factors outlined in section 24–21–640 and the fifteen factors published in Form 1212, and that if the Parole Board complies with this procedure, the decision will constitute a routine denial of parole and the ALC will have limited authority to review the decision.

In the instant case, the Parole Board clearly stated in its notice of rejection that it considered the statutory criteria and the criteria set forth in Form 1212, which is sufficient under *Cooper*. Accordingly, the ALC erred in remanding the matter to the Parole Board.

We, therefore, remand this case to the ALC with instructions to issue an order in compliance with this opinion.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.