THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 George Tomlin, Appellant,
 
 
 

v.

 
 
 
 South Carolina Department
 of Probation, Parole and Pardon Services, Respondent.
 
 
 

Appeal from the Administrative Law Court
 Deborah Brooks Durden, Administrative Law
Court Judge

Unpublished Opinion No. 2012-UP-332
Submitted May 1, 2012 – Filed May 30, 2012

VACATED AND REMANDED

 
 
 
 George Tomlin, pro se.
 Teresa A. Knox, J. Benjamin Aplin, and
 Tommy Evans, Jr., all of Columbia, for Respondent.
 
 
 

PER CURIAM:  George Tomlin appeals the Administrative
 Law Court's (ALC) order affirming the Department of Probation, Parole and
 Pardon Services's (the Department) decision denying him parole.  He argues the
 ALC erred in finding (1) the code section permitting the Department to conduct
 parole hearings via video conferencing is not a violation of the ex post facto
 clause of the United States and South Carolina Constitutions; (2) the
 Department's criteria for parole consideration did not violate Tomlin's due
 process and equal protection rights and did not constitute a violation of the
 ex post facto clause; (3) Tomlin's claim that he should have been eligible for
 parole at an earlier date was moot; and (4) no due process rights were implicated
 by the Department's criteria for parole eligibility.  
Because all of Tomlin's
 issues stem from a routine denial of parole, we vacate[1] the order of the ALC pursuant to Rule 220(b)(1), SCACR, and remand with
 instructions to dismiss the appeal in accordance with the following
 authorities:  S.C. Code Ann. § 1-23-600(D) (Supp. 2011) (providing the ALC
 "shall not hear . . . an appeal involving the denial of parole to a
 potentially eligible inmate by the Department"); Compton v. S.C. Dep't
 of Prob., Parole & Pardon Servs., 385 S.C. 476, 479, 685 S.E.2d 175,
 177 (2009) (holding an order denying parole and stating consideration of all
 statutory and Department criteria is sufficient to avoid deeming an inmate
 effectively ineligible for parole).  
VACATED AND REMANDED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.