**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Lowery, #083240, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2015-000689

———————————

Appeal From the Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————————

Unpublished Opinion No. 2016-UP-204
Submitted February 1, 2016 – Filed May 11, 2016

———————————

**AFFIRMED**

———————————

Thomas Lowery, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Cooper v. S.C. Dep't of Prob., Parole and Pardon Servs.*, 377 S.C. 489, 496, 661 S.E.2d 106, 110 (2008) ("Parole is a privilege, not a right."); *id.*

("The parole board . . . has the sole authority to determine parole eligibility . . . ."); S.C. Code Ann. § 24-21-640 (Supp. 2015) (providing the parole board shall "carefully consider the record of the prisoner before, during, and after imprisonment, and no such prisoner may be paroled until it appears to the satisfaction of the board: that the prisoner has shown a disposition to reform; that in the future he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors of his imprisonment; that the interest of society will not be impaired thereby; and that suitable employment has been secured for him"); S.C. Code Ann. § 1-23-600(D) (Supp. 2015) ("An administrative law judge shall not hear . . . an appeal involving the denial of parole to a potentially eligible inmate by the Department of Probation, Parole and Pardon Services."); *Cooper*, 377 S.C. at 499, 661 S.E.2d at 112 (holding a parole denial that does not comply with statutory procedure "constitutes an infringement of a state-created liberty interest and, thus, warrants minimal due process procedures"); *id.* at 500, 661 S.E.2d at 112 ("[T]he [p]arole [b]oard may avoid the result in the instant case if it clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form. If the [p]arole [b]oard complies with this procedure, the decision will constitute a routine denial of parole and the ALC would have limited authority to review the decision to determine whether the [p]arole [b]oard followed proper procedure. Under that scenario, the ALC can summarily dismiss the inmate's appeal."); *Compton v. S.C. Dep't of Prob., Parole and Pardon Servs.*, 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (holding the ALC erred in remanding the case to the parole board when "the [p]arole [b]oard clearly stated in its notice of rejection that it considered the statutory criteria and the criteria set forth in Form 1212, which is sufficient under *Cooper*").

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.