**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Charlton Davis, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2016-000530

―――――――――――

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

―――――――――――

Unpublished Opinion No. 2017-UP-102
Submitted February 1, 2017 – Filed March 8, 2017

―――――――――――

**AFFIRMED**

―――――――――――

Charlton Davis, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 496, 661 S.E.2d 106, 110 (2008) ("Parole is a privilege, not a right."); *id.* ("The parole board . . . has the sole authority to determine parole eligibility . . . ."); S.C.

Code Ann. § 24-21-640 (Supp. 2016) (providing the parole board "must carefully consider the record of the prisoner before, during, and after imprisonment, and no such prisoner may be paroled until it appears to the satisfaction of the [parole] board: that the prisoner has shown a disposition to reform; that in the future he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors of his imprisonment; that the interest of society will not be impaired thereby; and that suitable employment has been secured for him"); S.C. Code Ann. § 1-23-600(D) (Supp. 2016) (noting the administrative law court (ALC) "shall not hear . . . an appeal involving the denial of parole to a potentially eligible inmate by the" parole board); *Cooper*, 377 S.C. at 500, 661 S.E.2d at 112 (holding "the ALC can summarily dismiss [an] inmate's appeal" when the parole board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form"); *Compton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (holding the ALC erred in remanding the matter to the parole board when "the [p]arole [b]oard clearly stated in its notice of rejection that it considered the statutory criteria and the criteria set forth in Form 1212, which is sufficient under *Cooper*").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.