**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Thompson, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2016-000781

---

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

---

Unpublished Opinion No. 2017-UP-274
Submitted June 1, 2017 – Filed July 5, 2017

---

**AFFIRMED**

---

Thomas Thompson, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Thomas Thompson appeals the Administrative Law Court's (ALC), summary dismissal of his appeal. Thompson argues the South Carolina Department of Probation, Parole and Pardon Services (1) erred by basing its decision on an incomplete and inaccurate record, which rendered its decision

arbitrary and capricious; (2) erred by continuing to apply the 1986 Omnibus Criminal Justice Improvement Act in violation of the ex post facto law; (3) violated his right to equal protection by denying him parole for a longer period of time than other persons similarly situated; and (4) erred by negating the sentencing authority of the plea court by denying him parole in light of the fact the plea sentence contemplated the possibility of parole based on his behavior while incarcerated. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-600(D) (Supp. 2016) (providing the ALC "shall not hear . . . an appeal involving the denial of parole to a potentially eligible inmate by the Department of Probation, Parole and Pardon Services"); *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 443, 586 S.E.2d 124, 127 (2003) ("[T]he *permanent* denial of parole *eligibility* implicates a liberty interest sufficient to require at least minimal due process, and, therefore, review by the AL[C]."); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 498, 661 S.E.2d 106, 111 (2008) ("[A] sufficient liberty interest may be implicated to trigger due process requirements even though the [Board's] decision did not constitute a permanent denial of parole eligibility."); *id.* at 496, 661 S.E.2d at 110 ("Parole is a privilege, not a right."); *Compton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (stating if the parole board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code] and the fifteen factors published in [its parole form] . . . the decision will constitute a routine denial of parole and the ALC will have limited authority to review the decision to determine whether the Board followed proper procedure"); *Jernigan v. State*, 340 S.C. 256, 261, 531 S.E.2d 507, 509 (2000) ("An ex post facto violation occurs when a change in the law retroactively alters the definition of a crime or increases the punishment for a crime."); *id.* ("Regarding the issue of increase of punishment, the relevant inquiry is whether the legislative amendment 'produces a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995))); *id.* ("If the amendment produces only a 'speculative and attenuated possibility' of increasing an inmate's punishment, then there is no ex post facto violation." (quoting *Morales*, 514 U.S. at 509)).

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.