**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Perry Deveaux, #109601, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2018-000656

---

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

---

Unpublished Opinion No. 2020-UP-042
Submitted January 1, 2020 – Filed February 12, 2020

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Tommy Evans, Jr., of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B) (Supp. 2019) ("The review of the administrative law [court]'s order must be confined to the record.  [An appellate]

court may not substitute its judgment for the judgment of the administrative law [court] as to the weight of the evidence on questions of fact."); *id*. (stating an appellate court may reverse or modify the decision of the ALC if the decision is: "(a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 496, 661 S.E.2d 106, 110 (2008) ("Parole is a privilege, not a right."); *id*. at 499, 661 S.E.2d at 111 ("Undoubtedly, the [p]arole [b]oard is the sole authority with respect to decisions regarding the grant or denial of parole."); *id*. at 500, 661 S.E.2d at 112 (explaining that the ALC's review is limited to ascertaining whether the parole board followed proper procedures when determining parole eligibility); *Compton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 385 S.C 476, 479, 685 S.E.2d 175, 177 (2009) (holding an order denying parole that shows consideration of all statutory and Department of Probation, Parole and Pardon Services criteria is sufficient to support a denial of parole); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.