**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Williams, # 086721, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2021-001145

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2023-UP-107
Submitted February 1, 2023 – Filed March 15, 2023

---

**AFFIRMED**

---

Charles Williams, pro se.

Jessica Elizabeth Kinard, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Charles Williams appeals an order of the administrative law court (ALC) affirming an order of the parole board of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) denying him parole. On appeal Williams argues the ALC erred by (1) failing to find an ex post

facto violation through the application of the parole board's form 1212 factors; and (2) failing to find the parole board's procedure was unlawful when it used inappropriate criteria to make its decision.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 496, 661 S.E.2d 106, 110 (2008) ("Parole is a privilege, not a right."); *id.* at 496, 661 S.E.2d at 110 ("The parole board . . . has the sole authority to determine parole eligibility. . . ."); *id.* at 500, 661 S.E.2d at 112 (holding that if the parole board's decision to deny parole is a "routine denial of parole," then the ALC authority is limited to determining whether the board followed proper procedure); *id.* at 500, 661 S.E.2d at 112 (explaining a denial of parole is routine if the board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form."); *id.* at 500, 661 S.E.2d at 112 ("Under that scenario, the ALC can summarily dismiss the inmate's appeal."); *Compton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (holding an order from the parole board that denied parole and stated the board considered all statutory and department criteria was sufficient to support a denial of parole).

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.