**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew Williams, #215077, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2022-001585

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2025-UP-243
Heard May 6, 2025 – Filed July 16, 2025

———————

**AFFIRMED**

———————

Axton Dylan Crolley and Charles Harold West, Jr., both of Nelson Mullins Riley & Scarborough, LLP; Stuart M. Andrews, Jr., of Burnette, Shutt & McDaniel, PA, all of Columbia; and Shirene Carole Hansotia, of Mount Pleasant, for Appellant.

General Counsel Matthew C. Buchanan and Legal Counsel Jessica Elizabeth Kinard, both of S.C. Department of Probation, Parole & Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Matthew Williams appeals from an Administrative Law Court (ALC) decision denying Williams's motion for a new parole hearing following a denial by the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS). The key issue is whether members of the parole board (Board) were required to deliberate his case on the record when they subsequently issued a written notice of rejection detailing their reasons for the denial in conformity with case law and statutory requirements. We hold that on-the-record deliberations are not required by the law, and we affirm the ALC's ruling.

## BACKGROUND

In 1996, Williams was convicted of murder and sentenced to life imprisonment with the possibility of parole. In 2021, Williams appeared with his attorney for a parole hearing. Williams's attorney submitted a packet of materials to the Board on his behalf prior to the hearing. During the hearing, the Board heard a presentation from Williams's attorney and heard testimony from Williams.

The Board unanimously voted to deny parole. The members did not engage in any deliberations following the presentation but instead moved directly to a vote. Thereafter, the Board issued a written notice of rejection. The notice recites that the Board considered: (1) the characteristics of Williams's current offense, his criminal history, and his disciplinary record; (2) the factors outlined in sections 24-21-640 and 24-21-10(F)(1) of the South Carolina Code (2025); and (3) the factors contained in Department Form 1212 (Criteria for Parole Consideration). The Board cited the nature and seriousness of the offense as grounds for denial.

Williams appealed the Board's decision to the ALC. The ALC ordered SCDPPPS to produce a supplemented record with all documents considered by the Board, including risk assessment results, a full case summary, notes from the pre-hearing interview, and any recommendations by the parole agent. Williams argued that the supplemental record showed the Board did not consider his risk assessment as required, and his case should therefore be remanded to the Board for them to consider his risk assessment as required. He further argued that the transcript of the Board's deliberations was devoid of any mention of the other prescribed criteria, and the Board's decision was therefore not supported by substantial evidence.

The ALC found "no indication in the record" that the Board gave Williams's record careful consideration as required by section 24-21-60. However, the ALC denied Williams's motion to remand, stating that, under *Compton v. South Carolina Department of Probation, Parole & Pardon Services*, 385 S.C. 476, 685 S.E.2d 175

(2009), the ALC lacked the authority to review the Board's decision because the decision included the required "boilerplate language" endorsed in *Compton*. The ALC further determined that "a careful review of [Williams's] record [was] not necessary to constitute a routine denial of parole." This appeal followed.

## STANDARD OF REVIEW

In an appeal from an ALC decision, the appellate court may only reverse if the decision is "(a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." S.C. Code Ann. §1-23-610(B) (Supp. 2024). To determine the ALC's decision was supported by substantial evidence, this court must determine there is evidence in the record from which reasonable minds could reach the same conclusion as the ALC. *Hill v. S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 9-10, 698 S.E.2d 612, 617 (2010).

## DISCUSSION

Williams appeals the ALC's decision, arguing the Board's failure to engage in deliberations following the parole hearing shows it did not consider the required factors, and therefore violated his due process rights. We disagree.

"Parole is a privilege, not a right." *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 496, 661 S.E.2d 106, 110 (2008), *abrogated on other grounds by Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 886 S.E.2d 671 (2023). The parole board has the sole authority to determine parole eligibility. *Id.* Under the Administrative Procedures Act, an administrative law judge "shall not hear an appeal … involving the denial of parole to a potentially eligible inmate by the Department of Probation, Parole and Pardon Services." S.C. Code Ann. §1-23-600(D) (Supp. 2024). "The ALC has appellate jurisdiction over any matter where the procedural requirements for perfecting an appeal have been met." *Allen*, 439 S.C. at 168, 886 S.E.2d at 672. However, an administrative decision by SCDPPPS is only reviewed for a denial of the inmate's due process rights. *Id.* at 168, 886 S.E.2d at 673. An inmate must allege the denial of a state-created liberty interest to be entitled to relief for the denial of his due process rights. *Id.* at 169, 886 S.E.2d at 673. The ALC may summarily dismiss an appeal if it determines the claim does not implicate a state-created liberty interest. *Id.*

In *Cooper*, our supreme court found the parole board's decision denying parole was arbitrary and capricious because the parole board "neither offered an explanation nor indicated that it had considered the statutory criteria of section 24-21-640 and the fifteen criteria listed on the parole form." 377 S.C. at 500, 661 S.E.2d at 112. The court explained, "[i]f a Parole Board deviates from or renders its decision without consideration of the appropriate criteria, we believe it essentially abrogates an inmate's right to parole eligibility and, thus, infringes on a state-created liberty interest." *Id.* at 499, 661 S.E.2d at 111. In such a case, the court held the parole board's decision was not a routine denial of parole, even though the board did not permanently deny the inmate parole. The court therefore remanded the case for the parole board to consider the appropriate criteria. *Id.* at 502, 661 S.E.2d at 113. The court in *Cooper* clarified that if, in the future, the parole board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form, the decision will constitute a routine denial of parole and the ALC would have limited authority to review the decision and could summarily dismiss the inmate's appeal." *Id.* at 500, 661 S.E.2d at 112.

In *Compton*, our supreme court again reiterated the standard set forth in *Cooper* and reversed the ALC's decision remanding the matter back to the parole board for more detailed findings. 385 S.C. at 479, 685 S.E.2d at 177. The court held that the parole board clearly stated in its notice of rejection that it considered both the statutory criteria and the criteria set forth in Form 1212, which the court found sufficient to satisfy the criteria set forth by the court in *Cooper*. *Id.*

In this case, SCDPPPS complied with the requirements set forth in *Cooper* and *Compton* by issuing a notice of rejection that adequately stated the grounds for the denial. We find neither the case law nor the statutory scheme contains any additional requirement that the Board deliberate on the record. The Board here was given a copy of all of Williams's materials in advance of the hearing for review, it afforded Williams and his attorney a full hearing, and it issued a notice of rejection in conformity with the law. We therefore affirm the ALC's decision.[1]

---

[1] The ALC did seem to conflate the issues of jurisdiction and scope of review. The order states, "This Court's *jurisdiction* to hear this matter is derived from … *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000) … This Court's duty *and jurisdiction* is limited from reviewing the Board's decision to determine if any evidence in the record supports its statement that the proper factors were considered." As the court clarified in *Allen,* the ALC had subject matter jurisdiction to hear this properly perfected appeal, but a limited scope of review where the inmate

**AFFIRMED.**

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

did not allege a state-created liberty interest.  In any event, we find the ALC's decision to affirm the denial of parole was correct where SCDPPPS's notice of rejection complied with this court's instructions in *Cooper* and *Compton*.