**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eric Canty, #196262, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2024-000889

———

Appeal From The Administrative Law Court
Robert Lawrence Reibold, Administrative Law Judge

———

Unpublished Opinion No. 2025-UP-439
Submitted December 17, 2025 – Filed December 23, 2025

———

**AFFIRMED**

———

Eric Canty, pro se.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation Parole and Pardon Services, of Columbia, for Respondent.

———

**PER CURIAM:**  Eric Canty, pro se, appeals an order of the Administrative Law Court (ALC) dismissing his appeal of a decision by the South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS) to deny him parole.  On

appeal, Canty argues the ALC erred in finding SCDPPPS followed the proper procedure in denying parole.  We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in dismissing Canty's appeal because the parole board's order stated it considered all statutory and departmental factors in making its decision, including the actuarial risk and needs assessment tool required by section 24-21-10(F)(1) of the South Carolina Code (2025).  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2025) (stating the circumstances under which this court may reverse or modify a decision of the ALC); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (stating that if the parole board's decision to deny parole is a "routine denial of parole," then the ALC's authority is limited to determining whether the board followed proper procedure), *abrogated on other grounds by Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 886 S.E.2d 671 (2023); *id.* (stating a denial of parole is routine if the board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code] and the fifteen factors published in its parole form"); *Compton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (holding an order that denied parole and stated that the SCDPPPS considered all statutory and departmental criteria was sufficient to support a denial of parole); *Cooper*, 377 S.C. at 500, 661 S.E.2d at 112 ("[T]he [p]arole [b]oard may avoid [reversal] if it clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form. . . .  Under that scenario, the ALC can summarily dismiss the inmate's appeal.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.