**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernard Bagley, #175851, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2024-000110

---

Appeal From The Administrative Law Court
Crystal Rookard, Administrative Law Judge

---

Unpublished Opinion No. 2026-UP-268
Submitted May 1, 2026 – Filed June 3, 2026

---

**AFFIRMED**

---

Bernard Bagley, pro se.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Bernard Bagley appeals an order of the Administrative Law Court (ALC) affirming an order of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) which denied him parole after concluding that the parole board (the Board) followed proper procedure and none of the issues

he raised fell within its limited review authority.  On appeal, Bagley argues (1) SCDPPPS erred when, pursuant to section 24-21-610 of the South Carolina Code (2025), it failed to present a report on his mental condition and ability to adjust to life outside the prison from a duly qualified psychiatrist or psychologist and (2) the Board erred by failing to consider such a report, which was required for consideration of parole for someone like Bagley who had served a total of ten consecutive years or more in prison pursuant to section 24-21-610.  We affirm pursuant to Rule 220(c), SCACR.[1]

Because all of Bagley's issues on appeal stem from his claim that the ALC erred in affirming the Board's denial of parole, we consider the issues together.  We hold substantial evidence supports the ALC's order affirming the Board's denial of parole.  *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The ALC's order should be affirmed if supported by substantial evidence in the record."); *id.* ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached.").  The ALC affirmed the Board's denial of parole after it concluded that the Board's decision to deny Bagley parole constituted a routine denial of parole and none of the issues Bagley raised fell within the ALC's "limited review authority."  The Board indicated in its notice of rejection that it considered the factors outlined in section 24-21-640 of the South Carolina Code (2025) and factors published in Department Form 1212; therefore, Bagley's denial of parole constituted a routine denial of parole.  *See Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (stating that if the Board's decision to deny parole is a "routine denial of parole," then the ALC's authority is limited to determining whether the Board followed proper procedure), *abrogated on other grounds by Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 886 S.E.2d 671 (2023); *id.* (stating a denial of parole is routine if the Board "clearly states in its order denying parole

---

[1] In his brief, Bagley expresses concern that this court will find his issues on appeal are moot.  We note the issues in this appeal are not rendered moot by any subsequent denial of parole because the Board's alleged failure to use required information in making parole determinations is capable of repetition but evading review.  *See Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) ("[A]n appellate court can take jurisdiction, despite mootness, if the issue is capable of repetition but evading review.").

that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form"); *Compton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (holding an order that denied parole and stated that the SCDPPPS considered all statutory and departmental criteria was sufficient to support a denial of parole); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

Further, Bagley misreads section 24-21-610 in arguing SCDPPPS must present and the Board must receive a report on his mental condition and ability to adjust to life outside the prison from a duly qualified psychiatrist or psychologist prior to determining whether to deny parole. Section 24-21-610 requires the Board receive a report prior to granting parole; it does not require the Board receive or consider a report prior to denying parole. *See Cooper*, 377 S.C. at 496, 661 S.E.2d at 110 ("In interpreting statutes, [an appellate court] look[s] to the plain meaning of the statute and the intent of the Legislature."); *id.* ("Because the statute is penal in nature, the [c]ourt must construe it strictly in favor of the defendant and against the State."); § 24-21-610 ("Notwithstanding any other provision of this section or of law, no prisoner who has served a total of ten consecutive years or more in prison may be paroled *until* the Board has first received a report as to his mental condition and his ability to adjust to life outside the prison from a duly qualified psychiatrist or psychologist." (emphasis added)).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.