**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Billy Cartrette, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2011-205106

———————

Appeal From the Administrative Law Court
Shirley C. Robinson, Administrative Law Court Judge

———————

Unpublished Opinion No. 2012-UP-591
Submitted October 1, 2012 – Filed October 31, 2012

———————

**AFFIRMED**

———————

Billy Cartrette, pro se.

Tommy Evans, Jr., of the Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Billy Cartrette appeals an Administrative Law Court's (ALC) order, affirming the Department of Probation, Parole and Pardon Services's (the Department) denial of his parole. On appeal, Cartrette argues the ALC erred in

finding the Department properly applied the statutorily created parole criteria in denying his parole. We affirm.[1]

We hold the ALC did not err in determining the Department properly applied the statutorily created parole criteria in denying Cartrette's parole. Section 24-21-640 of the South Carolina Code (Supp. 2011) provides in pertinent part, "The [Department] must carefully consider the record of the prisoner before during and after imprisonment." "This [c]ourt has the authority to interpret the parole statute." *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 496, 661 S.E.2d 106, 110 (2008). Courts look to the plain meaning of the statute and the intent of the General Assembly when interpreting statutes. *Hinton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 357 S.C. 327, 332-33, 592 S.E.2d 335, 338-39 (Ct. App. 2004). Here, section 24-21-640 plainly permits the Department to consider "the record of the prisoner." S.C. Code Ann. § 24-21-640 (Supp. 2011). Nowhere in the statute is there language restricting "the record of the prisoner" to only those acts committed by the prisoner. Such an interpretation would seem to be in direct conflict with South Carolina's established accomplice liability law. *See State v. Thompson*, 374 S.C. 257, 261-62, 647 S.E.2d 702, 704-05 (Ct. App. 2007) (noting according to an accomplice liability theory "'one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate'" (quoting *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002))). Accordingly, the trial court did not err in applying the parole statute criteria.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.