**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alphonso Ware, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2014-002592

—————————

Appeal from the Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

—————————

Unpublished Opinion No. 2016-UP-201
Submitted February 1, 2016 – Filed May 11, 2016

—————————

**AFFIRMED**

—————————

Alphonso Ware, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

—————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Barton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 404 S.C. 395, 400, 745 S.E.2d 110, 113 (2013) (noting the Administrative Procedures Act governs this court's standard of review in an appeal from a decision by the

Administrative Law Court (ALC)); S.C. Code Ann. § 1-23-610(B) (Supp. 2015) ("Th[is] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (listing grounds on which this court will reverse an order of the ALC); S.C. Code Ann. § 24-21-640 (Supp. 2015) (requiring the parole board to establish written, specific criteria for the granting of parole); *id.* (mandating that the criteria include a review of the inmate's "disciplinary and other records"); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 501, 661 S.E.2d 106, 112 (2008) ("[T]he [p]arole [b]oard [does] not exceed its authority by creating the written criteria."); *id.* at 500, 661 S.E.2d at 112 (emphasizing that the ALC may summarily dismiss an inmate's appeal if the parole board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form").[1]

**AFFIRMED.**[2]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We find Ware's res judicata argument is unpreserved. *See Al-Shabazz v. State*, 338 S.C. 354, 379, 527 S.E.2d 742, 755 (2000) ("[I]ssues or arguments that were not raised to and ruled on by the [ALC] ordinarily are not preserved for review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.