**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth Green, Respondent,

v.

South Carolina Department of Probation, Parole and Pardon Services, Appellant.

Appellate Case No. 2016-000296

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2017-UP-082
Submitted January 1, 2017 – Filed February 15, 2017

———————

**AFFIRMED**

———————

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Appellant.

Tommy Arthur Thomas, of Irmo, for Respondent.

———————

**PER CURIAM:** The South Carolina Department of Probation, Parole and Pardon Services (the Department) appeals an Administrative Law Court (ALC) order

finding the Parole Board (the Board) erred by failing to ratify a prior vote in favor of granting parole to Kenneth Green after a *Barton*[1] hearing and remanding to the Board with instructions "to proceed as if a provisional parole order had been issued."  On appeal, the Department argues the ALC erred by (1) ruling the Board's decision was arbitrary and (2) ordering the Board to enter an order ratifying the prior decision.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: S.C. Code Ann. § 1-23-610(B) (Supp. 2016) (providing this court's standard when reviewing an ALC decision); S.C. Code Ann. § 1-23-380(4) (Supp. 2016) ("The [ALC] may reverse or modify the decision [of an administrative agency] if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (holding a Board decision was arbitrary and capricious because the Board failed to follow proper procedure by considering required statutory criteria).

As to issue 2: *Id.* at 499, 661 S.E.2d at 111 ("Undoubtedly, the . . . Board is the sole authority with respect to decisions regarding the grant or denial of parole. However, the Legislature created this Board to operate within certain parameters. We do not believe the Legislature established the Board and intended for it to render decisions without any means of accountability."); *Barton*, 404 S.C. at 419, 745 S.E.2d at 123 (finding the appellant "received the requisite number of votes from the . . . Board, and thus, *should be granted parole*," and "remand[ing] for proceedings consistent with this opinion" (emphasis added)).

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] *Barton v. S.C. Dep't of Prob. Parole & Pardon Servs.*, 404 S.C. 395, 745 S.E.2d 110 (2013).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.