**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jimmy Long, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2015-001028

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2017-UP-317
Submitted June 1, 2017 – Filed July 26, 2017

---

**AFFIRMED**

---

Jimmy Long, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) ("Because the limited appeal of parole decisions is governed by the [Administrative Procedures Act (APA)], the Parole Board [(the

Board)] and the [Administrative Law Court (ALC)] must comply with its provisions."); S.C. Code Ann. § 1-23-350 (2005) (providing that under the APA, "[a] final decision or order adverse to a party in a contested case shall be in writing or stated in the record . . . [and] shall include findings of fact and conclusions of law, separately stated"); *Cooper*, 377 S.C. at 500, 661 S.E.2d at 112 (holding the Board's decision to deny parole will likely not warrant reversal if it clearly states in its order "that it considered the factors outlined in section 24-21-640 [of the South Carolina Code (Supp. 2016)] and the fifteen factors published in its parole form"); *id.* ("If the Board complies with this procedure, the decision will constitute a routine denial of parole[,] and the ALC would have limited authority to review the decision to determine whether the Board followed proper procedure. Under that scenario, the ALC can summarily dismiss the inmate's appeal.").[1]

**AFFIRMED.**[2]

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] To the extent Long asserts the ALC erred in finding *Bradford v. Weinstein*, 519 F.2d 728 (4th Cir. 1974), *vacated*, 423 U.S. 147 (1975), and *Barton v. S.C. Dep't of Prob. Parole & Pardon Servs.*, 404 S.C. 395, 403-14, 745 S.E.2d 110, 114-20 (2013), inapplicable to his case, the ALC correctly found these cases disparate from Long's case.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.