**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rodney Mollins, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2018-000112

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2020-UP-045
Submitted January 1, 2020 – Filed February 12, 2020

---

**AFFIRMED**

---

Rodney Mollins, pro se.

Tommy Evans, Jr., Assistant General Counsel for the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Rodney Mollins appeals the order of the Administrative Law Court (ALC) affirming the South Carolina Department of Probation, Parole, and Pardon Services' (the Department's) rejection of his parole request. On appeal, Mollins argues (1) he was effectively permanently denied parole because the parole board considers factors that will never change when making their decision

to deny parole, (2) his due process rights were violated because only six members of the parole board were present for his parole hearing, and (3) he was unconstitutionally denied parole because the parole board did not consider the fact that he was a juvenile at the time of his offense. We affirm.

1.  As to issue one: We hold the ALC was limited in its ability to review the routine denial of parole issued by the parole board.  The record indicates the parole board considered the factors for parole eligibility enumerated by section 24-21-640 of the South Carolina Code (Supp. 2019) and the Department's form 1212, Criteria for Parole Consideration,  Accordingly, we hold the ALC's ruling was not clearly erroneous in light of the record, nor was it arbitrary and capricious.  *See* S.C. Code Ann. § 1-23-610(B)(e) and (f) (Supp. 2019) (providing the decision of the ALC may not be reversed or modified on appeal absent a clear error in light of the record or a decision that is arbitrary or capricious); S.C. Code Ann. § 24-21-640 (Supp. 2019) (stating "[t]he [parole] board must carefully consider the record of the prisoner before, during, and after imprisonment, and no such prisoner may be paroled until it appears to the satisfaction of the [parole] board: that the prisoner has shown a disposition to reform; that in the future he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors of his imprisonment; that the interest of society will not be impaired thereby; and that suitable employment has been secured for him"; *Cooper v. South Carolina Dep't of Prob., Parole, and Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (holding the ALC has limited authority to review routine denials of parole when the parole board relies on, and expressly cites to, the factors outlined in section 24-21-640 and the factors listed in the parole criteria form).

2.  As to issue two: We hold the presence of six of the seven members of the parole board constituted a quorum sufficient to execute the statutorily defined duties of the parole board.  *See* S.C. Code Ann. § 24-21-645 (Supp. 2019) ("The [parole] board may issue an order authorizing the parole which must be signed either by a majority of its members or by all three members meeting as a parole panel on the case ninety days prior to the effective date of the parole; however at least two-thirds of the members of the board must authorize and sign orders authorizing parole for persons convicted of a violent crime as defined in [s]ection 16-1-60."); *Barton v. South Carolina Dep't of Prob. Parole and Pardon Servs.*, 404 S.C. 395, 415, 745 S.E.2d 110, 121 (2013) ("Section 24-21-645 does not specify a quorum for [p]arole [b]oard meetings but 'in the absence of any statutory or other controlling provision, the common-law rule that a *majority* of the whole board is necessary to constitute a quorum applies, and the board may do no valid act in the absence of a quorum.'" (emphasis by court) (quoting *Garris v. Governing Bd. of*

*S.C. Reins. Facility*, 333 S.C. 432, 453, 511 S.E.2d 48, 59 (1998)); *id.* at 417, 745 S.E.2d at 122 ("Section 24-21-645 does not specify the number of [p]arole [b]oard members that must review the parole suitability of an inmate convicted of a violent crime, but also does not expressly exclude the common-law quorum principle."); *id.* at 417-18, 745 S.E.2d at 122 (holding section 24-21-645 does not demonstrate the legislative intent to require more than a quorum to execute the duties of the Department).

3.  As to issue three: To the extent Mollins contends he is entitled to the relief proscribed by *Miller v. Alabama*, 567 U.S. 460 (2012) and *Aiken v. Byars*, 410 S.C. 534, 765 S.E.2d 572 (2014), we hold his sentence affords him parole eligibility, and thus he is not a member of the class of offenders protected by *Miller* and *Byars*. *See State v. Finley*, 427 S.C. 418-19, 428, 831 S.E.2d 158, 162-63 (Ct. App. 2019) (holding a juvenile offender who received a life sentence but was eligible for parole was not among the class of juvenile offenders entitled to resentencing under *Miller* and its progeny).  Further, we hold the ALC did not err in affirming the Department's denial of Mollins's bid for parole after adequate consideration of his youth at the time of his offense.  *See* S.C. Code Ann. § 1-23-610(B)(e) and (f) (Supp. 2019) (providing an appellate court cannot disturb the judgment of the ALC absent a decisions that is clearly erroneous in light of the record or arbitrary and capricious).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.