**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Thompson, #80681, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2018-001557

―――――――――――

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

―――――――――――

Unpublished Opinion No. 2020-UP-157
Submitted April 1, 2020 – Filed May 27, 2020

―――――――――――

**AFFIRMED**

―――――――――――

Thomas Thompson, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Thomas Thompson appeals the Administrative Law Court's (the ALC's) order affirming the South Carolina Department of Probation, Parole and Pardon Services' (the Department's) decision to deny his parole. On appeal, he argues the Department violated his right to equal protection by imposing a harsher

punishment on him than other similarly situated persons.  We hold Thompson did not provide substantial evidence to support a showing that similarly situated persons, charged with murder and sentenced to life, received disparate treatment from the Department.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B) (Supp. 2019) ("The review of the [ALC's] order must be confined to the record.  The court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 626, 503 S.E.2d 471, 479 (1998) ("In order to establish an equal protection violation, a party must show that similarly situated persons received disparate treatment."); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 111 (2008) ( "[T]he [p]arole [b]oard is the sole authority with respect to decisions regarding the grant or denial of parole.");  *id.* at 500, 661 S.E. 2d at 112 (holding the parole board's decision would "constitute a routine denial of parole and the ALC would have limited authority to review the decision" if the parole board "states in its order denying parole that it considered the factors outline in section 24-21-640 and the fifteen factors published in its parole form").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.