**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerome McDaniel, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2019-001935

---

Appeal From The Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-162
Submitted March 1, 2022 – Filed April 6, 2022

---

**AFFIRMED**

---

Jerome McDaniel, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Jerome McDaniel, pro se, appeals an Administrative Law Court (ALC) order affirming a South Carolina Department of Probation, Parole and Pardon Services' (the Department's) decision to deny his parole. On appeal, McDaniel argues the ALC erred in affirming the Department's denial of his request

for parole because the denial was based on the same reasons it denied his previous requests for parole. We affirm.

We hold substantial evidence supports the ALC's finding that the Department did not err by relying on the facts of McDaniel's case because it followed the requisite procedures and considered the appropriate factors before making its determination regarding McDaniel's parole. *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2021) ("The review of the [ALC's] order must be confined to the record. The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 111 (2008) ("[T]he [p]arole [b]oard is the sole authority with respect to decisions regarding the grant or denial of parole."); *id.* at 500, 661 S.E. 2d at 112 (holding the parole board's decision would "constitute a routine denial of parole and the ALC would have limited authority to review the decision" if the parole board "states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.