**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ricky Brown, #211789, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2021-000533

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2023-UP-097
Submitted February 1, 2023 – Filed March 15, 2023

---

**AFFIRMED**

---

Ricky Brown, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Ricky Brown appeals an order of the administrative law court (ALC) affirming an order of the parole board of the South Carolina Department of Probation, Parole and Pardon Services denying him parole. On appeal, Brown argues the ALC erred by dismissing his appeal as a routine denial of parole

because the parole board's order failed to include specific "findings of fact and conclusions of law" as required under section 1-23-350 of the South Carolina Code (2005). We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (stating the parole board's procedure for denying parole constitutes a "routine denial of parole" if the parole board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code (2007)] and the . . . factors published in [Department Form 1212]"); *id.* ("[T]he [p]arole [b]oard may avoid [reversal or remand] if it clearly states in its order denying parole that it considered the factors outlined in section 24–21–640 [of the South Carolina Code (2007)] and the fifteen factors published in [Form 1212]. If the [p]arole [b]oard complies with this procedure, the decision will constitute a routine denial of parole and the ALC would have limited authority to review the decision to determine whether the [p]arole [b]oard followed proper procedure. Under that scenario, the ALC can summarily dismiss the inmate's appeal."); *Compton v. S.C. Dep't of Prob., Parole and Pardon Servs.,* 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (holding the ALC erred in remanding the case to the parole board and ordering the board to issue an amended notice of rejection including specific "findings of fact and conclusions of law" because "the [p]arole [b]oard clearly stated in its notice of rejection that it considered the statutory criteria and the criteria set forth in Form 1212, which is sufficient under *Cooper*").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.