**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Russell Mawyer, #139176, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2021-001149

―――――――――

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

―――――――――

Unpublished Opinion No. 2023-UP-135
Submitted February 1, 2023 – Filed April 5, 2023

―――――――――

**AFFIRMED**

―――――――――

Russell Mawyer, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Russell Mawyer, pro se, appeals an Administrative Law Court (ALC) order dismissing his appeal of a South Carolina Department of Probation, Parole and Pardon Services' (the Department's) decision to deny his request for parole. On appeal, Mawyer argues the ALC erred in (1) failing to address his

argument that the parole board denied his request for parole for the same reasons it denied his previous requests for parole and (2) concluding that the Department's decision was a "routine denial of parole."  We affirm.

We hold substantial evidence supports the ALC's finding that the Department did not err in denying Mawyer parole; to the contrary, there was substantial evidence the Department followed the requisite procedures and considered the appropriate factors before making its determination.  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2022) ("The review of the [ALC's] order must be confined to the record.  The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 111 (2008) ("[T]he [p]arole [b]oard is the sole authority with respect to decisions regarding the grant or denial of parole."); *id.* at 500, 661 S.E.2d at 112 (holding the parole board's decision would "constitute a routine denial of parole and the ALC would have limited authority to review the decision" if the parole board "states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code (Supp. 2022)] and the fifteen factors published in its parole form").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.