**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles J. Madden, #00182326, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2023-000693

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2025-UP-194
Submitted April 1, 2025 – Filed June 11, 2025

**AFFIRMED**

Michael Paul Stover and Mary Scott-Chancey Williams, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellant.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Charles J. Madden appeals the decision of the Administrative Law Court (ALC) affirming the Parole Board's (the Board's) denial of his parole.

On appeal, Madden argues the ALC erred in (1) remanding to the Board and deferring to the Board's interpretation of the term "community supervision program," (2) finding the Board routinely denied his parole, and (3) considering matter outside of the record on appeal. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in remanding to the Board for clarification of the meaning of "community supervision program" or in deferring to the Board's interpretation of the phrase. *See Buchanan v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 442 S.C. 393, 401, 899 S.E.2d 600, 605 (Ct. App. 2023), *cert. denied* (Apr. 16, 2024) (explaining this court may reverse or modify the decision of the ALC "only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law"). Initially, we hold the Board indicated it considered all necessary factors for considering parole eligibility, thus, the ALC's review was limited to ensuring the Board followed proper procedure. *See Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008), *abrogated on other grounds by Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 886 S.E.2d 671 (2023) (explaining that if the Board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code (2025)] and the fifteen factors published in [the Form 1212]" then the decision is a routine denial of parole and the ALC has only "limited authority to review the decision to determine whether the Board followed proper procedure"); *Buchanan*, 442 S.C. at 406, 899 S.E.2d at 607 (stating that based on current law, "as long as [the Board's] notice of rejection states it followed the statutory and Form 1212 criteria, its order of denial is valid"). In its order denying parole, the Board listed Madden's "failure to successfully complete a community supervision program" as one of five reasons it was denying parole. Because Madden was sentenced to life imprisonment and therefore cannot participate in the more commonly known Community Supervision Program (CSP), it was appropriate for the ALC to remand the case to the Board for an explanation of the phrase, which would allow the ALC to determine whether Madden's due process rights were violated by the Board holding him to an inapplicable standard. *See Allen*, 439 S.C. at 171, 886 S.E.2d at 674 ("[The ALC] may not grant an inmate relief from an erroneous administrative decision by SCDC . . . unless the inmate demonstrates the error deprived him of due process."); S.C. Code Ann. § 1-23-380(4) (Supp. 2024) ("In cases of alleged irregularities in procedure before the agency, not shown in the record, and established by proof satisfactory to the [ALC], the case may be remanded to the agency for action as the [ALC] considers

appropriate.").  On remand from the ALC, the Board explained this finding was based on Madden violating a term of probation in 1982.  We thus hold it was logical for the ALC to conclude the Board was referring to Madden's failed term of probation as a basis, in part, to deny Madden parole, rather than denying Madden parole based on his failure to complete CSP, a program he was not eligible for.  *See* S.C. Code Ann. § 24-21-560(A) (2025) ("[E]xcept in a case in which the death penalty or a term of life imprisonment is imposed, any sentence for a 'no parole offense' . . . must include any term of incarceration and completion of a [CSP] operated by the Department of Probation, Parole, and Pardon Services.").  Based on the foregoing, we hold there was evidence that the Board considered all required criteria and followed proper procedure; therefore, the ALC's dismissal of Madden's appeal as a routine denial of parole is supported by substantial evidence.  *See Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached.").

Finally, as to whether the ALC erred by considering information not included in the record on appeal, we find these arguments are without merit.  On remand, the Board's order clarified "that [Madden] did not successfully complete a term of probation in 1982" and thus this information became part of the record before the ALC and the information was not contested thereafter.  Additionally, although the ALC's order mentions the nature of his offense, a detail that the ALC only had because it was included in Respondent's brief to the ALC, this detail had no impact on the ALC's final determination which, as discussed above, was limited to determining whether the Board considered the appropriate criteria and followed proper procedure.[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] Importantly, we note Madden does not dispute that he violated a term of probation.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.