**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard Coleman, #186795, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2024-000050

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2025-UP-260
Submitted June 1, 2025 – Filed July 23, 2025

---

**REVERSED AND REMANDED**

---

Richard Coleman, pro se.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Richard Coleman, pro se, appeals an order of the Administrative Law Court (ALC) dismissing his appeal of a decision by the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) to deny him

parole. On appeal, Coleman argues the ALC erred by dismissing his appeal as untimely served and filed. He also asserts he provided the ALC with the final decision from the parole board. We reverse and remand to the ALC pursuant to Rule 220(b), SCACR.

We hold the ALC erred in dismissing Coleman's appeal as untimely because Coleman stated he received SCDPPPS's final decision on May 3, 2023, and the ALC found he filed his notice of appeal on June 1, 2023—twenty-nine days later.[1] *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2024) (stating the circumstances under which this court may reverse or modify a decision of the ALC); SCALC, Rule 59 ("The notice of appeal from the final decision to be heard by the [ALC] shall be filed with the [ALC] and a copy served on each party, including the agency, within thirty . . . days of receipt of the decision from which the appeal is taken."); *Akbar v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, Op. No. 2018-UP-331 (S.C. Ct. App. filed July 18, 2018) (emphasizing "*within thirty (30) days of receipt of the decision*" in citing Rule 59); SCALC, Rule 53(A) ("The date of filing is the date of delivery or the date of mailing as shown by the postmark or by the date stamp affixed by the mail room at the appellant's correctional institution.").

Because we reverse and remand to the ALC, we do not need to address Appellant's remaining argument that he provided the ALC with the final decision from the parole board.[2] *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED AND REMANDED.**[3]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] Although SCDPPPS argues the ALC "lacks the authority to review a routine denial of parole," due process affords Coleman the opportunity to challenge whether the denial of his parole was routine. *See Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008), *abrogated on other grounds by Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 886 S.E.2d 671 (2023) (explaining the ALC has only "limited authority to review the decision to determine whether the [SCDPPPS] followed proper procedure").

[2] We note the ALC did not dismiss the appeal on this basis.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.